**SEIDEN LAW GROUP**LLP

469 Seventh Avenue
New York, NY 10018
212.523.0686
www.seidenlegal.com

February 14, 2020

**VIA ECF**
Honorable Jesse M. Furman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

<u>Re: Case No. 1:19-cv-02680-JMF</u>

Dear Judge Furman,

    This letter is submitted jointly by counsel for Plaintiffs and Defendant/Nominal Defendant Sino Agro Food Inc. in this action (collectively, the "Parties") in response to the Court's Order dated February 6, 2020 (the "Order").

    As the Order correctly indicates, dismissal under Rule 41(a) is subject to Rule 23.1(c), which provides that a derivative action "may be settled, voluntarily dismissed, or compromised only with the court's approval" and that "[n]otice . . . must be given to shareholders or members in the manner that the court orders." Fed. R. Civ. P. 23.1(c). The Parties acknowledge that prior to submitting the Stipulation of Dismissal dated December 23, 2019 (the "Stipulation"), they should have addressed the issue of whether notice was required.

    In light of the issues raised by the Order, the Parties wish to inform the Court that the Parties entered into a non-monetary settlement. No consideration is required to be paid any of the Parties or their counsel in connection with the settlement. Further, the Parties have no desire to prevent any other shareholders from potentially pursuing claims that were dismissed pursuant to the Stipulation. Accordingly, and in order to prevent any possible prejudice to other shareholders, the Parties believe that the Stipulation should be amended to provide that the dismissal is without prejudice to all parties other than the named Plaintiffs.[1]

    The Second Circuit has stated that "*[i]n general*, notice of a proposed dismissal of a derivative suit must be given to nonparty stockholders when the corporate claims had [sic] not been adjudicated on the merits." *Papilsky v. Berndt*, 466 F.2d 251, 257 (2d Cir. 1972) (emphasis added). As the Second Circuit noted:

---

[1] In addition to the derivative claim, the Amended Complaint pled direct claims on behalf of Plaintiffs under the federal securities laws – non-class based claims that Plaintiffs may voluntarily dismiss with prejudice under Rule 41(a). *See* Dkt. No. 50 at pp. 29, 31.

> There are cogent reasons for requiring notice of voluntary dismissals and settlements of derivative actions . . . [including] discourag[ing] private settlements under which the plaintiff-stockholder and his attorney profit to the exclusion of the corporation and nonparty stockholders . . . Without the requirements of notice and court approval, there would be a greater incentive for stockholders to bring strike suits, and it would be easier for alleged wrongdoers to "buy off" the corporation's representative.

*Id.* at 258 (citations and internal quotations omitted).

There are circumstances, however, in which notice is not required. *See, e.g.*, *Sheinberg v. Fluor Corp.*, 91 F.R.D. 74 (S.D.N.Y. 1981). In *Sheinberg*, the plaintiffs filed a class and derivative action that sought to enjoin the expiration of a cash tender offer until a full prospectus and registration statement was issued in connection with a proposed merger. *Id.* at 74. Plaintiffs sought to dismiss the action voluntarily after a series of unfavorable rulings. *Id.* at 74-75. The parties entered into a stipulated order of dismissal which provided, inter alia, that plaintiff and its counsel had not received any consideration for agreeing to discontinue the action. *Id.* at 75. Further, the stipulated order "specifically state[d] that it is without prejudice to all but the named plaintiff." *Id*. Under the circumstances, the court held that notice to nonparty shareholders was not required. *See id.* at 75-76. As the court explained, "none of the reasons which underlie the notice requirements of Fed.R.Civ.P.23 and 23.1 with respect to voluntary discontinuances are operative here; no one's rights are being cut off and no potential abuses are present." *Id.* at 75.

Here, assuming that the Stipulation is amended as described above, the rights of nonparty shareholders will not be cut off by the dismissal of the Plaintiffs' claims. Further, as neither Plaintiffs nor their counsel are receiving any payment in the settlement, no potential abuses are present. Thus, the Parties respectfully submit that notice of the dismissal is not required to be given to nonparty shareholders.

Notwithstanding the foregoing, should the Court conclude that notice is required, the Parties will work together to provide notice in the manner the Court deems appropriate. The Parties are available to discuss the issue at the Court's convenience.

Dated: February 14, 2020

/s/ Zhening Zhang_____
Zhenling Zhang
SEIDEN LAW GROUP LLP
469 Seventh Ave., Fifth Floor
New York, New York 10018
zzhang@seidenlegal.com

/s/ Richard J. Babnick Jr._____
Richard J. Babnick Jr.
SICHENZIA ROSS FERENCE LLP
1185 Avenue of the Americas, 37th Floor
New York, New York 10036
rbabnick@srf.law

(646) 766-1914 (212) 930-9700

*Attorneys for Plaintiffs* *Attorneys for Defendant and*
*Nominal Defendant Sino Agro Food, Inc.*