

469 Seventh Avenue
New York, NY 10018
212.523.0686
www.seidenlegal.com

**March 13, 2020**

<u>**VIA ECF**</u>
Honorable Jesse M. Furman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

           Re:    *Heng Ren Silk Road Investments, LLC, et al. v. Sino Agro Food, Inc. et al.,*
                   Case No. 1:19-cv-02680-JMF

Dear Judge Furman:

      This letter is submitted jointly by counsel for Plaintiffs and Defendant/Nominal Defendant Sino Agro Food Inc. (the "Company"; and collectively with Plaintiffs, the "Parties") in this action in response to the Court's Memo Endorsement dated March 4, 2020 (the "Order") (ECF No. 79).

      Pursuant to the Order, the Parties propose the following next steps in connection with the Court's review of the proposed dismissal and the appropriate manner of providing notice to the Company's shareholders of the settlement entered into by the parties (the "Proposed Settlement"):

- The Parties will file a joint motion seeking preliminary approval of the Proposed Settlement (the "Motion"). The Motion will include the following: (i) a joint memorandum of law in support of the Court's preliminarily approving the Proposed Settlement; (ii) a draft form of notice to Company shareholders describing the terms of the Proposed Settlement and providing the means by which Company shareholders may object to the Court's approval of the Proposed Settlement ("Notice"); (iii) a stipulation and agreement of compromise, settlement, and release ("Stipulation"); and (iv) a proposed order setting forth the schedule and preliminarily approving the Proposed Settlement (the "Scheduling and Preliminary Approval Order").

- Notice of the Proposed Settlement shall be provided to Company shareholders in the following manner (or in such other manner directed by the Court): (i) the Company shall post a link to the Stipulation and Notice on the Company's website; (ii) the Company shall file a Form 8-K announcing the Proposed Settlement, describing the Proposed Settlement's material terms, and attaching the Proposed Settlement as an exhibit to the Form 8-K; and (iii) Counsel for Plaintiff shall publish the Notice via a national wire service.

The Parties propose that the following deadlines apply in connection with the proposed dismissal (which, if the Court deems satisfactory, can be so-ordered by the Court in an endorsement to this letter):

- The Parties will file the Motion by June 12, 2020.[1]

- Within fourteen (14) days of the the Court's entry of the Scheduling and Preliminary Approval Order, the Company and Counsel for Plaintiffs shall provide shareholders of the Company with notice of the Proposed Settlement in the manner described above.

- At a time and place to be determined by the Court, the Court will hold a hearing (the "Settlement Hearing") at which the Court will determine (i) whether the Proposed Settlement should be approved as fair, reasonable and adequate; (ii) whether an order and final judgment should be entered, dismissing this action with prejudice; and (iii) rule on such other matters as the Court may deem appropriate.

- The deadline for anyone who wishes to object to the Proposed Settlement or intervene in this action shall be thirty (30) days prior to the Settlement Hearing.

The Parties are available to discuss these issue at the Court's convenience.

Dated: March 13, 2020

| | |
|---|---|
| /s/ Jake Nachmani | /s/ Richard J. Babnick Jr. |
| Jake Nachmani | Richard J. Babnick Jr. |
| SEIDEN LAW GROUP LLP | SICHENZIA ROSS FERENCE LLP |
| 469 Seventh Ave., Suite 502 | 1185 Avenue of the Americas, 37th Floor |
| New York, New York 10018 | New York, New York 10036 |
| jnachmani@seidenlegal.com | rbabnick@srf.law |
| (646) 766-1914 | (212) 930-9700 |
| | |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant and Nominal Defendant Sino Agro Food, Inc.* |

---

[1] The Parties have chosen this date, which is approximately 90 days after the filing of this letter, out of an abundance of caution, given the multitude of uncertainties arising out of the COVID-19 pandemic. Among other things, the Parties anticipate office closures, significant remote work by employees, and increased amounts of sick leave – as well as the general disruption of to every day life – all of which will likely affect counsels' ability to effectively manage their case load. Moreover, the Parties are also taking into consideration the possibility of court closures and other related issues as impeding the Court's ability to administer its docket.