UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                                  :

HENG REN SILK ROAD INVESTMENTS LLC et al.,    :

                                                     Plaintiffs,        :           19-CV-2680 (JMF)

                                             -v-                          :                ORDER

SINO AGRO FOOD, INC. et al.,                             :

                                        Defendants.     :

------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       The parties are hereby advised that the Court received the attached communication relating to this litigation.

       SO ORDERED.

Dated: June 30, 2020
       New York, New York                          _____
                                                                       JESSE M. FURMAN
                                                                   United States District Judge

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

February 19, 2020

Re: *Heng Ren Silk Road Investments, LLC, et al. v. Sino Agro Food, Inc. et al.*,
No. 19-cv-2680 (JMF) (SDA)

Dear Judge Furman:

I'm a minority shareholder of Sino Agro Food, Inc. ("SIAF"). I am a small, immaterial stockholder, lacking the wherewithal to pursue litigation on my own, but the investment is material to me. I have been closely following the docket for this case, as there was considerable hope that the derivative lawsuit in front of you had merit, was strong and well presented. I was hopeful that a judgement or settlement could be reached that would benefit all shareholders, and SIAF over the long term. Recent filings by the self-designated Plaintiffs have raised concerns that their legal quest for improved disclosure, management controls, transparency, and accurate reporting from SIAF have taken a back seat to the their desire to keep their settlement under seal. My concerns regarding this are as follow:

1. Why would the Plaintiffs, who were supposedly fighting for transparency and the best interests of SIAF and its shareholders, push so hard to keep their settlement confidential? This is a public company, after all, and their knowledge of the terms of the settlement, without disclosure to other shareholders, could amount to them possessing material non-public information.
2. On December 23, 2019 the Plaintiffs filed a Stipulation of Voluntary Dismissal. Between that date and your filing of the Order to Show Cause on February 6, 2020 SIAF's stock experienced three of the top four trading volume days in its history. January 3, 2020 = 950,700 shares; January 22, 2020 = 1,489,200 shares; and February 4, 2020 = 1,870,500 shares. For some context, SIAF's average daily trading volume for 2019 was 66,994 shares per day. Could this be the Plaintiffs exiting their positions based upon poor terms of settlement? Could the Plaintiffs have been issued dilutive shares which they subsequently dumped on the market? Either way, as fellow shareholders, they have advantageous knowledge of SIAF's status because they know the terms of the settlement. I do not, so I'm comparatively disadvantaged from an investment standpoint.
3. Why was Plaintiffs initial Stipulation of Voluntary Dismissal filed with prejudice, but their response to your Order to Show Cause without prejudice? Was this simply in response to the gist of Rule 23.1 disallowing settlements without notice/approval especially if it precludes future lawsuits? Why is it important enough to the Plaintiffs to keep this settlement under seal that they would give up the leverage of a possible re-filing, to ensure that the terms of the settlement were carried out as agreed? They also gave up the leverage from potentially damaging and embarrassing disclosure looming over Manaagements' heads. For nothing in return?
4. Based on what I've learned about SIAF's management from pleadings in this case, and from what I've seen from the Plaintiffs' actions since they reached a settlement, I think all shareholders should be on an equal playing field. I'm not at all comfortable with the semantics in the Plaintiffs response to your Order to Show Cause. "Non-<u>monetary</u> settlement", "No consideration is required to be <u>paid</u>", "Plaintiffs, nor counsel are receiving any <u>payment</u>" etc. Dilutive stocks are issued, not paid. Voting rights are granted, not paid. If nothing was given, and only positive changes were agreed to by management, then Plaintiffs would need those positive changes announced to the

market in order for their shares to benefit. Instead, they are fighting to not disclose. Their stance makes no sense, and doesn't smell right.

5. Now that they have filed the Stipulation of Voluntary Dismissal without prejudice, how can shareholders not involved in the settlement know which of the goals of the lawsuit were actually attained via settlement? How can we know whether we need to pursue further legal action, if we don't know what has been accomplished via settlement? Wouldn't it be a waste of all parties' time and resources chasing after goals, changes, improvements that have already been attained via the settlement?
6. A Company notorious for non-disclosure and a lack of transparency, that is being sued in part to rectify those issues, is now a party to a settlement with their accusers', terms of which they are fighting to not disclose.
7. Both Plaintiffs are savvy investors. One, a hedge fund with investors to answer to. They would not fly to China to meet SIAF's management regarding a settlement unless it benefitted their investment. Any benefits attained via settlement should accrue to SIAF and its shareholders, not the private benefit of the Plaintiffs.

I'm not a lawyer, so I won't cite a legal case here, but I will close with the most compelling blurb I've read during my research into this topic. A lawyer from Freiberger Haber LLP posted the following: "**When a Derivative Action Does Not Benefit the Corporation, a Settlement Should not be Approved**" Posted 9th December 2016: "It is well-established that the fundamental purpose of a derivative action is to vindicate a wrong done to the company. Because that is the purpose of the derivative action, New York courts have long held that any recovery obtained in a derivative action should be for the benefit of the injured company. Thus, **any monetary payment recovered and/or non-monetary benefit obtained in the action must be paid and/or flow to the company whose claims are at issue.**" "Where derivative actions are concerned, **courts must be vigilant in protecting the interests of the corporation and shareholders, especially in the context of settlement.** The reason courts are given such a responsibility is "**to discourage the private settlement of a derivative claim under which a shareholder-plaintiff and his attorney personally profit to the exclusion of the corporation and the other shareholders….**" Hopefully you agree, and will review the settlement to ensure it is beneficial to all stakeholders, not just the self-designated Plaintiffs, and allow us all proper notice. After that, the main concern is whether or not the Plaintiffs will disclose everything to the Court (what they received, what they sold/bought, based on what information did they sell/buy [material, non-public?], and when), and not have been allowed the time to put together a beneficial side-agreement, that was not baked into the settlement.

Thank you for time, and your attention to this matter.

Sincerely,

Shareholder, Sino Agro Food, Inc.

Thank you!

2

