UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
:
HENG REN SILK ROAD INVESTMENTS LLC et al.,  :
:
                              Plaintiffs,     :          19-CV-2680 (JMF)
:
            -v-                                   :          <u>ORDER</u>
:
SINO AGRO FOOD, INC. et al.,  :
                              Defendants.  :
:
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      The parties are hereby advised that the Court received the attached communications relating to this litigation (which have been redacted to remove personal information). Should the Court issue an order preliminarily approving the settlement, authorizing notice, and scheduling a settlement hearing, non-party shareholders are advised that any objections should be filed in accordance with that order.

      SO ORDERED.

Dated: July 20, 2020
      New York, New York

                                          JESSE M. FURMAN
                                    United States District Judge

**Furman NYSD Chambers**

| | |
|---|---|
| **From:** | Brent Rogers <email address redacted> |
| **Sent:** | Saturday, July 18, 2020 9:28 PM |
| **To:** | Furman NYSD Chambers |
| **Subject:** | Case #  1:19-cv-02680 |

Honorable Judge Furman
I am a long time holder/investor of Sino Agro Foods (SIAF) whose case is in your court at this time. My family and many other shareholders have been devastated by this investment and are asking the court not for pity but for a fair settlement for ALL. The proposed settlement falls short of that goal. Though there are some positive thoughts and ideas, there are no enforcements or protections to make sure they are carried out.
Also the Plaintiffs have been given 1,250,00 shares in the spinoff Tri-way which dilutes our investment investment even further. 18% of those shares are to come to SIAF shareholders. We should all benefit.

I ask that you do the following please:
 - Set concrete deadlines on the proposals.
 - Address the shares of Tri-way issued to the Plaintiffs as "payment"
 - Address the 10million shares Issued post settlement filing date and If possible find out who bought on unusually very heavy trading after the notice to dismiss was filed as there was nothing announced for some time after.

We all have an interest in seeing the company succeed, we only ask that we all be treated equally in the process.

Thank you for your time
Brent P. Rogers
Shareholder of SIAF
[address and phone number redacted]


Sent from my iPad

David   L.   Karmol
[address redacted]

[email address redacted]

By email: Furman_NYSDChambers@nysd.uscourts.gov

**RE: Heng Ren Silk Road Investments LLC v. Sino Agro Food, Inc. (1:19-cv-02680)**

**July 19, 2020**

Dear Judge Furman:

I am an individual investor in SIAF, and currently hold approximately 200,000 shares across several accounts, representing an investment of over $100,000. I am not a party to the captioned litigation, nor am I affiliated with any of the parties to the litigation (other than as a shareholder of SIAF).

I am writing to offer my comments on the Proposed Settlement Agreement (filed as Exhibit A in a joint filing by Plaintiffs and Defendants on July 15), in documents 90-95 in this matter.

First, and foremost, I encourage the Court to expedite the approval of this settlement, as the expressed goals of the settlement (listed in four bullet points) are shared by me, and I suspect by most shareholders. The distribution of shares in TriWay Industries, a partially owned subsidiary of SIAF, for example, has been promised across several deadlines by the Company, since 2018, and still no distribution has been made. The distribution is essential to allow shareholders to recognize value, since a substantial portion of the Company's assets were transferred to TriWay, as part of a corporate carve-out plan to enhance value. That enhancement has yet to happen as the share price of SIAF has dropped dramatically since 2018, from approximately .30/share in 2018 to it's current price of .08. The settlement discussions in this litigation, including various filings, and delays for the purpose of drafting a proposed shareholder notification has now consumed over 9 months, with the share price continuing to decline in spite of the Company's significant and substantial earnings.

In order to unlock value, this litigation needs to be ended, and the governance reforms described in the Settlement need to be instituted immediately.

To the individual elements of the Proposed Settlement, I offer the following comments.

1,2 & 8 are basic Corporate Governance reforms, which should be undertaken immediately, and should not have required litigation to implement.

3 is the long promised execution of a share dividend distribution of TriWay shares. TriWay is a partially owned subsidiary that was carved out from SIAF in 2016, with the stated intention of allowing for a share distribution to SIAF shareholders, that was promised repeatedly, until October of 2018, when the distribution was cancelled, due to claimed regulatory and other issues. This should be expedited, and a specific timeline included in the Settlement for filing of the required SEC filings to enable the distribution to go forward.

4 is the agreement for representatives of Heng Ren and Apollo to be appointed to the SIAF and TriWay Boards. This is appropriate, and should assure better representation of shareholders in the governance of the Company. The company has long needed better shareholder and independent director representation on its board.

5 is a statement that the parties agree to "analyze the possibility" of reducing the total issued and outstanding shares of the Company. This should be expressed not as a "possibility" but as a requirement, especially as it relates to the 10 million share increase in authorized shares that was filed with the Nevada Secretary of State 2 days after the company filed its Q3 10Q on Nov. 19, 2019. It should be noted that that filing happened after the Company acknowledged in its Nov 19 10Q filing that "the parties have had settlement discussions." (SIAF 10Q, quarter ending Sept. 30, 2019, Legal Proceedings), relating to this matter. In the 3 months following that filing, millions of shares were dumped into the market, permanently depressing the share price by approximately 50% from the date of the 10Q. It is fair to assume that Plaintiffs were able to acquire millions of cheap shares as a result of this dilution, which was not announced to shareholders, since it happened after the filing of the 10Q report.

6 is a recitation that the Company should be allowed to proceed with its offering of a new preferred series of G shares. While I have no particular objection to this new financing method, the Company should not use this new offering to further delay the distribution of the TriWay dividend, which has already been delayed by over 2 years. The TriWay distribution should come first.

7 is a statement that expresses the commitment to minimize further share issuance to collateralize loans, a laudable and reasonable goal.

9 is a statement of intention to examine the potential sale or sunset of the preferred A shares, which give Mr. Lee Yip Kun super voting power, guaranteeing that he always has more voting power than all common shares. This would be a huge step forward for the Company, as this one man control has caused numerous issues over the years.

10 outlines several elements of consideration, consisting of 250,000 shares of TriWay to be given to two of Plaintiff Heng Ren's entities, and 1 million TriWay shares to be given to Plaintiff Arne Fredly's Apollo Asset Ltd. In general, I have no issue with plaintiffs receiving some compensation as the lead plaintiffs, since they obviously bore the costs of the litigation and settlement negotiations, and ordinarily would be entitled to some reasonable compensation in a settlement. In this case, however, the Plaintiffs and the Defendants, through counsel, in a letter to this Honorable Court dated February 14, 2020 (court document #78) stated explicitly: "No consideration is required to be paid any of the Parties or their counsel in connection with the settlement." This statement was made in the context of the argument of the parties that no notice was required to the other shareholders that were not parties, since the plaintiffs received "no consideration" in connection with the settlement. That statement, asserting that the plaintiffs were getting no benefit that other shareholders were not getting, was obviously false. In that context, the false representation to the Court should not be tolerated, and the Plaintiffs and Defendants should not be rewarded for the making of a false representation.

The Court should note that had this Honorable Court not required the Parties to prepare a notification of non-party shareholders, none of us would know that the Plaintiffs were receiving 1.25 million shares in the SIAF subsidiary. Because the Settlement Agreement claims the shares are shares owned by Mr. Lee Yip Kun personally, SIAF would never have had to disclose these payments to Plaintiffs to nonpartry shareholders. Plaintiffs and Defendants joint letter of February 14 specifically argued that notice to

other shareholders was unnecessary, citing case law that backed that claim, when no payment was made to Plaintiffs:

> "Further, as neither Plaintiffs nor their counsel are receiving any payment in the settlement, no potential abuses are present. Thus, the Parties respectfully submit that notice of the dismissal is not required to be given to nonparty shareholders."

The value of the TriWay shares is not known precisely, but in 2016 the shares were valued at 3.40/share by an independent appraisal firm. Analysts who study the company believe it has earned substantial profits since that time, and should be valued at approximately $9.00/share. Since TriWay is not yet publicly traded, a precise current value is not possible.

If any additional TriWay shares are awarded, from whatever source, it would be reasonable to award them to all SIAF shareholders, and to include them in the agreed-to distribution of TriWay shares. Including the additional shares in that distribution would have the effect of incentivizing the parties to expedite the promised general distribution, as Heng Ren and Apollo would then get additional TriWay shares reflecting their share ownership in SIAF as quickly as other nonparty shareholders. They would share the same interests as other SAIF shareholders in expediting that distribution. In addition, Plaintiffs would be additionally incentivized to urge the Company to reduce the total number of outstanding SIAF shares, so that all shareholders would receive more TriWay shares. Such a result is consistent with my understanding of how derivative litigation should be resolved, for the benefit of all shareholders, not just those bringing the action.

Finally, I would encourage the Court to not include the elements of Paragraph 7 of the Proposed Order Preliminarily Approving Settlement, Authorizing Notice, and Setting Settlement Hearing. That paragraph imposes a number of harsh and burdensome requirements on shareholders who wish to object to the Proposed Settlement, without reason, other than to exclude comment from nonparty shareholders. I have no objection to any of the other provisions of that document.

Whatever the Court decides, I appreciate the Court looking out for shareholders. We have been waiting many years for this company to meet its obligations. Please do not allow any further delay.

Thank you for your consideration of my views and concerns.

Very Truly Yours,

/s/ David L. Karmol

David L. Karmol