UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARNE H. FREDLY, HENG REN SILK ROAD INVESTMENTS LLC, HENG REN INVESTMENTS LP, derivatively on behalf of SINO AGRO FOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SINO AGRO FOOD, INC., LEE YIP KUN SOLOMON, TAN POAY TEIK, CHEN BOR HANN, LIM CHANG SOH., <br><br> Defendants, <br> and <br> SINO AGRO FOOD, INC., <br><br> Nominal Defendant | Case No. 19-cv-02680 (JMF) |

**ORDER PRELIMINARILY APPROVING SETTLEMENT, AUTHORIZING NOTICE, AND SCHEDULING THE SETTLEMENT HEARING**

WHEREAS, the parties to the above-referenced shareholder derivative action (the "Derivative Action") have made an application, pursuant to Federal Rule of Civil Procedure 23.1, for an order: (i) preliminarily approving the settlement set forth in the Agreement of Settlement between the parties, dated June 27, 2020 (the "Settlement Agreement"); (ii) approving the form and manner of the dissemination of notice of the proposed settlement to current shareholders of Sino Agro Food, Inc. ("SIAF" or the "Company"); and (iii) scheduling a date for a settlement hearing, pursuant to Federal Rule of Civil Procedure 23.1, for the Court to consider and determine whether to approve the terms of the settlement as fair, reasonable, and adequate,

WHEREAS, the Court, having: (i) read and considered Plaintiff's Unopposed Motion for Preliminary Approval of Shareholder Derivative Settlement together with the accompanying Memorandum of Points and Authorities; (ii) read and considered the Settlement Agreement and exhibits thereto, including the proposed notice; (ii) heard and considered arguments by counsel in favor of preliminary approval of the Settlement; and

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a beneficial result for SIAF and is represented to be the product of serious, informed, non-collusive negotiations, and, therefore, there are substantial and sufficient grounds for entering this Preliminary Approval Order:

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. This Preliminary Approval Order incorporates by reference the definitions in the Settlement Agreement, and, unless otherwise defined herein, all capitalized terms shall have the same meanings as set forth in the Settlement Agreement.

2. The Court preliminarily approves the Settlement on the terms set forth in the Settlement Agreement, subject to further consideration at a hearing to be held before this Court on October 13, 2020 at 3:00 p.m., in the Thurgood Marshall United States Courthouse 40 Foley Square, Court Room 1105, New York, NY 10007. At the Settlement Hearing, the Court shall: (a) determine whether the proposed Settlement of the Derivative Action, on the terms and conditions set forth in the Settlement Agreement, should receive final approval by the Court as fair, reasonable, and adequate, and in the best interests of SIAF and its stockholders; (b) hear and rule on any objections to the proposed Settlement; and (c) determine whether to enter the proposed Final Order and Judgment. At the Settlement Hearing,

> the Court may also hear and consider such other matters as the Court may deem necessary and appropriate.

3. The Court reserves the right to continue or reschedule the Settlement Hearing or decide to hold the Settlement Hearing telephonically without further notice to SIAF Shareholders. The Court further reserves the right to consider any modifications of the Settlement agreed to by the Settling Parties without providing further written notice to current SIAF Shareholders.

4. The Court approves the form, content, and requirements of the Notice of Proposed Settlement and finds that the filing, posting, and publication of the notices, substantially in the manner and form set forth in this Preliminary Approval Order, meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, and constitutes due and sufficient notice of all matters relating to the Settlement.

5. Within ten (10) calendar days after the entry of this Preliminary Approval Order, SIAF shall provide notice of the Settlement by filing with the SEC a Form 8-K, which shall include as attachments the Stipulation and the Notice of Proposed Settlement. Within that same period, Counsel for Plaintiffs shall file Notice via a national wire service, and the Form 8-K and its attachments shall be published on the Company's website until the Final Order and Judgment becomes Final or the Settlement has been rejected by the Court or otherwise terminated. Not less than ten (10) business days before the Settlement Hearing, Defendants' counsel shall file with the Court an appropriate affidavit or declaration with respect to the filing of the Form 8-K and its attachments and the publication of the Notice of Proposed Settlement.

6. All papers in support of the Settlement shall be filed with the Court and served no later than twenty-eight (28) calendar days before the Settlement Hearing. Any reply papers shall be filed with the Court at least seven (7) calendar days before the date of the Settlement Hearing.

7.     Any current SIAF Shareholder may object and show cause why: (i) the Settlement as set forth in the Settlement Agreement should not be approved; or (ii) the proposed Final Order and Judgment should not be entered; provided, however, that no SIAF Shareholder shall be entitled to object to or otherwise contest any of the matters to be considered at the Settlement Hearing, unless such current SIAF Shareholder has, at least fourteen (14) calendar days prior to the date of the Settlement Hearing, filed with the Clerk of the United States District Court of the Southern District of New York (the "Clerk"), ideally via the ECF System, a written objection to the Settlement setting forth: (a) the objector's name, address, and telephone number; (b) the number of shares of SIAF stock the objector currently owns as well as an account statement evidencing such ownership; (c) a detailed statement of the objector's specific objections; (d) any and all documentation or evidence in support of the objector's objection; and (e) the identities of any cases—by name, court, and docket number—in which the objector or his or her attorney has objected to a settlement in the last three (3) years. If a current SIAF shareholder intends to appear and/or requests to be heard at the Settlement Hearing, such shareholder must also file with the Clerk, ideally via the ECF System, at least fourteen (14) calendar days prior to the date of the Settlement Hearing: (f) a written notice of the objector's intention to appear at the Settlement Hearing; (g) the name(s) of any attorney(s) that will appear on behalf of the objector; (h) the identities of any witnesses the objector intends to call at the Settlement Hearing; (i) a summary of the substance of any testimony to be provided by any such witnesses; and (j) any and all other evidence that the objector intends to present at the Settlement Hearing. If a current SIAF Shareholder files a written objection and/or written notice of intent to appear, such shareholder must serve copies of all papers filed with the Clerk, by hand delivery or first-class mail, post-marked no later than fourteen (14) calendar days before the Settlement Hearing, on each of the following (except that if a written objection and/or written notice of intent to appear is filed on the ECF System, that will constitute service on counsel):

Counsel for Plaintiffs:

Angus F. Ni
387 Park Ave S, 5th Floor,
New York, NY 10016
(646) 453-7294
angus@afnlegal.com

Counsel for the Company:

Richard Johnnie Babnick, Jr.
Sichenzia Ross Ference LLP
1185 Avenue of the Americas, 37th Floor
New York, NY 10036
(212) 930-9700
rbabnick@srff.com

8. Any current SIAF Shareholder who does not timely file and serve an objection in the manner provided in paragraph 7 of this Preliminary Approval Order shall be deemed to have waived any objection such Person might have and shall forever be barred, in these proceedings or in any other proceeding, from making any objection to or otherwise challenging the Settlement of the Derivative Actions, the Settlement Agreement or any provision thereof, the Final Order and Judgment, and/or any other proceedings herein, and shall have no right to appeal therefrom.

9. Any replies to any objections to the Settlement shall be filed and served no later than seven (7) calendar days before the Settlement Hearing.

10. All current SIAF Shareholders shall be bound by all orders, determinations, and judgments in the Derivative Action concerning the Settlement Agreement, whether favorable or unfavorable to SIAF's shareholders.

11. Unless and until the Settlement Agreement is terminated in accordance with its terms, neither Defendants nor Plaintiffs nor any other Person purporting to act on behalf of SIAF shall initiate, institute, or commence any Claim that would be released by the Settlement.

12. In the event that the Settlement is not approved by the Court, or the Settlement is terminated for any reason, the Settlement Agreement shall be null and void, and the Settlement Agreement and all negotiations, proceedings documents prepared, and statements made in connection therewith, shall be inadmissible for any purpose in any proceeding, including, without limitation, pursuant to Federal Rule of Evidence 408 and state law equivalents. If the Settlement Agreement is not approved by the Court, or the Settlement is terminated for any reason, the Settling Parties will be restored to their respective positions immediately preceding the date of the Motion.

13. The provisions contained in the Settlement (including any exhibits attached thereto) shall not be deemed a presumption, concession, or admission by any Settling Party of any fault, liability, or wrongdoing, or merit, or lack of merit, as to any facts, Claims, or defenses alleged or asserted, in the Derivative Action or in any other action or proceeding, either presently known or unknown, and shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in the Derivative Action or in any other action or proceeding, whether civil, criminal, or administrative, and whether presently known or unknown, except in connection with any proceeding to enforce the terms of the Settlement.

14. The Court retains exclusive jurisdiction over the Derivative Actions to consider all further matters arising out of or connected with the Settlement.

Dated: July 23, 2020  
    New York, New York

_____  
JESSE M. FURMAN  
United States District Judge

The parties shall conform the notice to the Court's changes to the proposed Order - in particular, with respect to the deadline and manner for filing objections.

In their approval papers and at the fairness hearing, the parties should be prepared to address, among other things, (1) how to square the existence and terms of the June 27, 2020 Settlement Agreement with the letter of February 14, 2020, see ECF No. 78, stating that the parties had "entered into a non-monetary settlement" and that "[n]o consideration is required to be paid any of the Parties or their counsel in connection with the settlement"; and (2) the fairness and reasonableness of Plaintiffs' receiving shares in Tri-way.

Finally, the Clerk of Court is directed to terminate ECF No. 90.  SO ORDERED.

# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARNE H. FREDLY,<br>HENG REN SILK ROAD INVESTMENTS LLC, HENG REN INVESTMENTS LP,<br>derivatively on behalf of SINO AGRO FOOD, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SINO AGRO FOOD, INC., LEE YIP KUN SOLOMON, TAN POAY TEIK, CHEN BOR HANN, LIM CHANG SOH.,<br><br>Defendants,<br><br>and<br><br>SINO AGRO FOOD, INC.,<br><br>Nominal Defendant | Case No. 19-cv-02680 (JMF) |

NOTICE OF PROPOSED SETTLEMENT OF SHAREHOLDER DERIVATIVE LITIGATION

TO: ALL PERSONS WHO OWN SHARES OF SINO AGRO FOOD, INC. ("SIAF" OR THE "COMPANY") COMMON STOCK.

**YOU ARE HEREBY NOTIFIED**, pursuant to Federal Rule of Civil Procedure 23.1 and an Order of the United States District Court for the Southern District of New York (the "Court"), of (i) the pendency of the above-captioned shareholder derivative action (the "Derivative Action"), which was brought by certain shareholders of the Company on behalf of and for the benefit of the Company; (ii) a proposed settlement of the Derivative Action (the "Settlement"), subject to Court approval, for consideration, including the adoption by the Company of certain corporate governance measures, as provided in an Agreement of Settlement, dated June 27, 2020 (the "Settlement Agreement"); and (iii) the hearing (the "Settlement Hearing") that the Court will hold on _____, 2020, to determine whether to approve the Settlement.

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY THIS LITIGATION**.

The Settlement was entered into on June 27, 2020, between and among: (1) Plaintiffs Heng Ren Silk Road Investments LLC and Heng Ren Investments LP (together "Heng Ren"), individually and to the extent that they have or claim standing to assert claims derivatively on behalf of the Company, (2) Plaintiff Arne H. Fredly individually and to the extent that he has or claims standing to assert claims derivatively on behalf of the Company and (3) the Company.

**WHAT IS THE PURPOSE OF THIS NOTICE OF PROPOSED SETTLEMENT?**

1. The purpose of this Notice of Proposed Settlement is to explain the Derivative Action, the terms of the proposed Settlement, and how the proposed Settlement affects the legal rights of the Company's shareholders.

2. In a derivative action, one or more people or entities who are current shareholders of a corporation sue on behalf of and for the benefit of the corporation, seeking to enforce the corporation's legal rights. Because derivative actions concern a corporation's legal rights, no individual shareholder has the right to recover damages in a shareholder derivative action or to be compensated as a result of the settlement of a shareholder derivative action.

3. As described more fully below, current shareholders of the Company have the right to object to the proposed Settlement. Current shareholders of the Company1 have the right to appear and be heard at the Settlement Hearing, which will be held on _____, 2020 at __:__ _.m., before the Honorable Jesse M. Furman, Thurgood Marshall United States Courthouse, 40 Foley Square, Court Room 1105, New York, NY 10007.  At the Settlement Hearing, the Court will determine, among other things: (i) whether the Settlement should be approved; and (ii) whether the Claims against the Defendants should be dismissed with prejudice as set forth in the Stipulation.

**WHAT IS THIS CASE ABOUT? WHAT HAS HAPPENED SO FAR?**

4. Heng Ren commenced the instant litigation on March 26, 2019.  An amended complaint was filed on August 13, 2019 in which Fredly joined as a new plaintiff.

5. The first amended complaint alleged that insiders of the Company had absolute power and acted in a manner contrary to the interests of the Company.  Specifically, according to the First Amended Complaint, Plaintiffs allege that Company guaranteed loans of various third parties and issued SIAF shares as collateral for those loans.  However, as the share price of SIAF dropped the Company had to issue "Top-up" collateral shares to the Lender to maintain the value of the security for the loan.

6.  Plaintiffs also alleged that the Company falsely claimed the issuance of these shares did not have an adverse impact on other investors because the lender holding these collateralized shares cannot sell these shares in the market and they do not have any dividend or voting rights.

7.  The First Amended Complaint alleges that in various filings with the Securities and Exchange Commission, the Company did not disclose the issuance of the collateralized shares or at most made an incomplete and misleading disclosure.  Nor was the requisite disclosure made to the Oslo Stock Exchange.

8. In addition, the First Amended Complaint alleges that SIAF engaged in a sham carve out transaction to methodically transfer value from SIAF to Tri-way. While SIAF owned 100% of Tri-way before the carve out, after the carve out, SIAF's ownership decreased 36%. The justification for the carve out was that Tri-way would be coming out ahead, ownership reduction notwithstanding, due to the additional assets that were pledged to Tri-way from various Chinese investors and owners. However, Plaintiffs alleged that, whereas SIAF asserted that post carve-out the enterprise value of Tri-way was $340.6 million, it simultaneously informed Chinese regulators that the valuation of the assets owned by Tri-way was $12.3 million.

9. Finally, the Complaint alleges a litany of management abuses and breaches of fiduciary duties involving Tri-way, the Company's assets, and related disclosures to shareholders.

10. Defendants moved to dismiss on September 19, 2019. ECF Nos. 65-68. One month later, the Court extended the deadlines to complete briefing to permit the parties to engage in settlement discussion. ECF Nos. 72-73 (Granting October 17, 2019 letter request for extension notifying the Court of the parties' ongoing settlement discussions). The parties' settlement discussions proved fruitful.

11. On March 4, 2020, the Court vacated its prior approval of the parties' stipulated dismissal of the Derivative Action and directed the parties to follow the requirements of Rule 23.1 of the Federal Rules of Civil Procedure.

12. On _____, 2020, the Court entered an order preliminarily approving the Settlement. In its Preliminary Approval Order, the Court directed that: (i) copies of this Notice of Proposed Settlement and the Stipulation be attached as exhibits to a Form 8-K filed with the United States Securities and Exchange Commission; and (ii) The same Form 8-K be posted, along with its attachments, on the Company's corporate website. In addition, the Court's Preliminary Approval Order scheduled the Settlement Hearing for _____, 2020 to consider whether to grant final approval to the Settlement.

13. In exchange for the dismissal of the Derivative Action with prejudice, the Company agreed to create and effectuate the following Corporate Governance Measures:

- The creation of a corporate governance committee to improve the Company's disclosures and ensure transparency.
- The appointment of an independent director to SIAF's board, and the Company's sponsorship for another independent director nominee to the Tri-way board.
- The appointment of these independent directors to SIAF and Tri-way's board audit committees.
- The grant of veto power to these independent directors over any new issuances of SIAF shares by requiring that all new issuances shall be unanimously approved by the board.
- Immediately commence a CFO search and to appoint a qualified candidate as CFO as soon as practicable.

**WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?**

14. Plaintiffs and Plaintiffs' counsel submit that the claims asserted in the Derivative Action on behalf of the Company have merit. Nonetheless, Plaintiffs and Plaintiffs' counsel have concluded that it is desirable that the Derivative Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Settlement. In doing so, Plaintiffs and Plaintiffs' counsel recognize the expense inherent in the continued prosecution of the Derivative Action, as well as the risk and uncertainty of continued litigation, especially in light of cross-border nature of the action.

15. Plaintiffs' Counsel have conducted extensive investigation and analysis of the claims, defenses, and remedies. Based on Plaintiffs' Counsel's thorough evaluation, Plaintiffs and Plaintiffs' Counsel submit that the Settlement is fair, reasonable, and adequate, and in the best interests of SIAF and its shareholders. The Settlement confers substantial benefits to SIAF and its shareholders, including: (a) execution of a share dividend from Tri-way to SIAF stockholders, (b) representation of shareholders on SIAF's board, (c) the establishment of a Corporate Governance Committee, and (d) a policy of "internal checks and evaluations" before any issuance of new SIAF shares "with a particular focus on policing and disclosing related party transactions." These terms of Settlement directly address the claims at issue in the Derivative Action. <u>A copy of the proposed settlement agreement is attached hereto</u>.

16. Defendants have denied, and continue to deny, each and every allegation of wrongdoing by the Plaintiffs in this Derivative Action and maintain that they have acted properly, lawfully, and in full accord with their fiduciary duties at all times. Further, the Defendants have denied, and continue to deny (a) that they have caused any damage or injury to the Company or its shareholders; (b) that they have ever committed or attempted to commit any violations of law or any breach of fiduciary duty owed to the Company or its shareholders; and (c) that they have committed any wrongdoing whatsoever. Defendants further deny that Plaintiffs have the legal right to assert claims derivatively on behalf of the Company. Defendants have nevertheless concluded that further litigation of the Derivative Action would be protracted and expensive, and that it is desirable and beneficial for the Derivative Action to be fully and finally settled in the manner and upon the terms and conditions set forth in the Settlement Agreement.

17. Further, the Company and its supermajority vote holder Mr. Yip Kun Lee has approved of the Settlement and each of its terms as being in the best interests of SIAF and its shareholders. The Company has acknowledged and agrees that the Settlement is fair, reasonable, and adequate, and confers substantial benefits upon SIAF and its shareholders.

**WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?**

18. In the absence of the Settlement, if Plaintiffs failed to prove their claims, the Company would not receive any of the benefits of the Settlement.

**WHO REPRESENTS PLAINTIFFS AND HOW WILL THE ATTORNEYS BE PAID?**

19. Plaintiffs were initially represented by The Seiden Group. As of May 26, 2020, Plaintiffs have been represented by the AFN Law PLLC.

20. Plaintiffs are solely responsible for these law firms' legal fees and expenses.

**WILL PLAINTIFFS RECEIVE ANY PERSONAL BENEFITS FROM THE SETTLEMENT?**

21. Pursuant to the terms of the Settlement Agreement, if the Settlement is approved by the Court, Plaintiffs will receive shares in Tri-way Industries transferred from Mr. Yip Kun Lee's own equity interest in Tri-way, with 175,000 shares to Heng Ren Silk Road Investments LLC, 75,000 shares to Heng Ren Investments LP, and 1.0 million shares to Apollo Asset Ltd.

22. It is important to note that the shares come from the Chairman of the Company personally, not from the Company. The shares are illiquid and cannot be sold on any market. This transfer of shares would be the only benefit that Plaintiffs would receive for bringing, prosecuting and settling this litigation for the benefit of all shareholders of the Company. And this transfer of shares is also the only compensation that Plaintiffs will receive for sending a one person to serve as a director of the Company and for potentially sending another person to serve an independent director of Triway (if the nomination is successful). The transfer of shares therefore constitutes reasonable incentive for service on the board that benefits all shareholders.

23. In addition, while it is standard practice for plaintiff in a settled derivative action to receive payment of legal fees from the Company, Plaintiffs here have agreed to bear such expenses themselves and not to receive monetary reimbursement from the Company. To date, Plaintiffs have incurred approximately $ 220,000 in fees and expenses, including fees expended to conduct pre-suit investigations in China and initiating enforcement proceedings in Norway.

**WHEN AND WHERE WILL THE COURT RULE ON APPROVAL OF THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING?**

24. The Settlement Hearing will be held on _____, 2020 at __:__ _.m., before the Honorable Jesse M. Furman, Thurgood Marshall United States Courthouse, 40 Foley Square, Court Room 1105, New York, NY 10007. The Court may approve the Settlement at or after the Settlement Hearing without further notice to current shareholders of the Company.

25. If you own common stock of the company and continue to own such stock through _____, 2020 (the date of the Settlement Hearing), you may, if you wish to do so, object and show cause why the proposed Settlement set forth in the Stipulation should not be approved.

26. The procedure for objecting to the Settlement is as follows:

    a. Plaintiffs' counsel will file papers with the Court in support of the Settlement on _____, 2020.

    b. Objections or oppositions to the Settlement, must be in writing and must be filed with the Clerk of the United States District Court for the Southern District of New York (the "Clerk") no later than _____, 2020. Written objections must set forth: (a) the objector's name, address, and telephone number; (b) the number of shares of Company stock the objector currently owns as well as an account statement evidencing such ownership; (c) a detailed

statement of the objector's specific objections; (d) any and all documentation or evidence in support of the objector's objections; and (e) the identities of any cases—by name, court, and docket number—in which the objector or his or her attorney has objected to a settlement in the last three (3) years. If a current shareholder of the Company intends to appear and/or requests to be heard at the Settlement Hearing, such shareholder must also file with the Clerk no later than _____, 2020: (f) a written notice of the objector's intention to appear at the Settlement Hearing; (g) the name(s) of any attorney(s) that will appear on behalf of the objector; (h) the identities of any witnesses the objector intends to call at the Settlement Hearing; (i) a summary of the substance of any testimony to be provided by any such witnesses; and (j) any and all other evidence that the objector intends to present at the Settlement Hearing. Current shareholders of the Company who do not wish to object in person to the proposed Settlement do not need to attend the Settlement Hearing.

      c.      If a current shareholder of the Company files a written objection and/or written notice of intent to appear, such shareholder must serve copies of all papers filed with the Clerk, by hand delivery or first-class mail, post-marked no later than _____, 2020, on each of the following: (a) Angus F. Ni at AFN Law PLLC, 387 Park Ave S, 5th Floor, New York, NY 10016 (646) 453-7294, angus@afnlegal.com and (b) Richard J. Babnick , Jr., Sichenzia Ross Ference LLP, 1185 Avenue of the Americas, 37th Floor, New York, NY 10036 (212) 930-9700, Email: rbabnick@srff.com.

      d.      Plaintiffs' counsel will file reply papers with the Court, if any, on _____, 2020

27. The Settlement Hearing may be adjourned by the Court without further written notice to current shareholders of the Company. If you intend to attend the Settlement Hearing, you should confirm the date and time with Plaintiffs' counsel.

28. Unless the Court orders otherwise, any current shareholder of the Company who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement. Current shareholders of the Company do not need to appear at the hearing or take any other action to indicate their approval of the foregoing.

**CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

29. You or your attorney may examine the Court files for *Heng Ren Silk Road Investments LLC et al v. Sino Agro Food, Inc. et al*, Case No. CV-02680-JMF during regular business hours at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, 10007-1312.

30.  Questions about the Settlement or about this Notice of Proposed Settlement in general should be directed to Angus F. Ni at AFN Law PLLC, 387 Park Ave S, 5th Floor, New York, NY 10016 (646) 453-7294 angus@afnlegal.com.

You should ask Plaintiffs' counsel to confirm receipt of any email correspondence regarding the

Settlement or the Notice of Proposed Settlement within three (3) business days. If Plaintiffs' counsel do not confirm receipt within three (3) business days, you should call to ensure receipt.

**DO NOT CALL OR WRITE THE COURT OR THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: _____, 2020

By Order of the United States District Court for the Southern District of New York