UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARNE H. FREDLY,<br>HENG REN SILK ROAD INVESTMENTS LLC, HENG REN INVESTMENTS LP,<br>derivatively on behalf of SINO AGRO FOOD, INC.,<br><br>     Plaintiffs,<br><br>  v.<br><br>SINO AGRO FOOD, INC., LEE YIP KUN SOLOMON, TAN POAY TEIK, CHEN BOR HANN, LIM CHANG SOH.,<br><br>     Defendants,<br>  and<br>SINO AGRO FOOD, INC.,<br><br>     Nominal Defendant | Case No. 19-cv-02680 (JMF) |

**[PROPOSED] JUDGMENT APPROVING SETTLEMENT AND DISMISSING WITH PREJUDICE**

This matter came before the Court for hearing pursuant to Plaintiffs' Motion for Final Approval of the Derivative Settlement set forth in the Proposed Settlement, dated June 27, 2020 (the "Settlement"). Due and adequate notice having been given of the Settlement, and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Approval Order and Judgment ("Order") incorporates by reference the definitions in the Settlement, and all capitalized terms used herein shall have the same meanings as set forth in the Settlement (in addition to those capitalized terms defined herein).

2. The Court finds that the notice provided to SIAF shareholders was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement, to all Persons entitled to such notice. The notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

3. The Court finds that the terms of the Settlement are fair, reasonable and adequate as to each of the Parties, and hereby finally approves the Settlement in all respects, and orders the Parties to perform its terms to the extent the Parties have not already done so.

4. This Derivative Suit and all claims contained therein are dismissed with prejudice. As among Plaintiffs, the Individual Defendants and SIAF, the parties are to bear their own costs.

5. As of the date of this order, SIAF, SIAF shareholders, and the Plaintiffs (acting on their own behalf and derivatively on behalf of SIAF) shall be deemed to have, and by operation of this order shall have, fully, finally, and forever released, relinquished, discharged, and dismissed with prejudice the claims against the Defendants in the Derivative Suit; provided, however, that nothing herein shall in any way release, waive, impair, or restrict the rights of any Party to enforce the terms of the Settlement.

6. Without affecting the finality of this order, the Court retains exclusive jurisdiction over the Derivative Actions to consider all further matters arising out of or connected with the Settlement.

Dated: _____

IT IS SO ORDERED

_____
THE HONORABLE JESSE M. FURMAN (U.S.D.J.)