UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                               :
HENG REN SILK ROAD INVESTMENTS LLC et al.,  :
                                             :
                Plaintiffs,                               :
                                             :          19-CV-2680 (JMF)
        -v-                                    :
                                             :      MEMORANDUM OPINION
SINO AGRO FOOD, INC. et al.,                        :           AND ORDER
                                             :
                Defendants.                          :
                                             :
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On March 26, 2019, Plaintiffs filed this shareholder derivative action against Defendant Sino Agro Food, Inc. ("SIAF" or the "Company") and several of its employees, alleging violations of Section 10(b) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78a *et seq.*, as well as state common law claims for breach of fiduciary duty. ECF No. 13. On July 23, 2020, the Court preliminarily approved a settlement between the two sides and scheduled a hearing to determine whether to grant final approval. ECF No. 98. On October 13, 2020, the Court held that hearing; over one shareholder objection, approved the settlement agreement; and dismissed the "[s]uit and all claims contained therein . . . with prejudice." ECF No. 111 ("Judgment"), ¶ 4. The Court explicitly "retain[ed] exclusive jurisdiction over the [d]erivative [a]ctions to consider all further matter arising out of or connected with the [s]ettlement." *Id.* ¶ 6.

       Over a year later, on November 8, 2021, Plaintiffs filed a new case, No. 21-CV-9236 (JMF) (the "2021 Case"), which they designated as related to this action (the "2019 Case"), alleging that, a year after approval of the settlement, "Plaintiffs have seen effectively no effort by Defendants to comply with the [s]ettlement, only delaying tactics." 2021 Case, ECF No. 1, ¶ 5.

On the same day, Plaintiffs filed a motion to appoint a temporary receiver over SIAF. 2021 Case, ECF No. 4. In a telephone conference held shortly thereafter, the Court raised concerns regarding whether it "has subject-matter jurisdiction over the later filed case, . . . given that it was filed as a new case rather than a motion to enforce the settlement agreement," and "how to handle the motion for appointment of a receiver." ECF No. 112; 2021 Case, ECF No. 14. At the conference, counsel for Plaintiffs, Angus Ni, acknowledged that, as it was then pleaded, "there is no diversity jurisdiction [in the 2021 Case] because some of the members of the LLC are aliens" and that the case therefore "purely arises from ancillary jurisdiction." ECF No. 130-6, at 5; 2021 Case, ECF No. 17, at 5. Ni explained that Plaintiffs' goal in filing the case was to "assert ancillary jurisdiction and still maintain some underlying claims that we can prosecute, sort of alongside the receiver motion or in case the receiver motion isn't granted." ECF No. 130-6, at 5. In response to the Court's stated concerns about jurisdiction, Ni proposed "to simply refile the receivership motion in the first case and hold the second case in abeyance while we litigate the receivership issue." *Id*. at 6. Accordingly, on November 18, 2021, Plaintiffs refiled the motion to appoint a temporary receiver in this, the 2019, case. ECF No. 115.[1]

"[T]he doctrine of ancillary jurisdiction . . . recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). "Where a district court has original jurisdiction over a civil action, it retains ancillary jurisdiction after dismissal to adjudicate collateral matters"; this jurisdiction "empowers the district court to take

---

[1]   On January 9, 2022, Plaintiffs filed an amended complaint in the 2021 Case, adding Exchange Act claims. *See* 2021 Case, ECF No. 19. To avoid duplication of efforts, the Court granted Defendants an extension of their deadline to answer or otherwise respond to the Amended Complaint in the 2021 Case until twenty-one days after a ruling on the pending receiver motion in the 2019 Case — *i.e.*, this decision. *See* 2021 Case, ECF No. 30.

2

actions necessary to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kaplan v. Reed Smith LLP*, 919 F.3d 154, 157 (2d Cir. 2019) (internal citations and quotation marks omitted); *see also Kokkonen*, 511 U.S. at 378-80. Significantly, however, this type of ancillary jurisdiction arises only where "the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal — either by separate provision . . . or by incorporating the terms of the settlement agreement in the order." *Kokkonen*, 511 U.S. at 381; *see also In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 134 (2d Cir. 2011). But even where the Court does explicitly retain jurisdiction to enforce a settlement agreement, "district courts enjoy no free-ranging 'ancillary' jurisdiction to enforce consent decrees, but are instead constrained by the terms of the decree and related order." *Pigford v. Veneman*, 292 F.3d 918, 924 (D.C. Cir. 2002); *see also Vill. of W. Hampton Dunes v. New York*, 89 F. Supp. 3d 433, 443 (E.D.N.Y. 2015) ("[E]nforcement ancillary jurisdiction remains a narrow exception to a federal court's limited subject matter jurisdiction."); *Brettschneider v. City of New York*, No. 15-CV-4574 (CBA) (SJB), 2020 WL 5984340, at *5-6 (E.D.N.Y. Aug. 25, 2020) ("Ancillary jurisdiction . . . is a relatively limited source of jurisdiction."), *report and recommendation adopted,* 2020 WL 5981681 (E.D.N.Y. Oct. 8, 2020); *Triple S Props. Inc. v. St. Paul Surplus Lines Ins. Co.*, No. 3:08-CV-796, 2010 WL 3911422, at *3 (N.D. Tex. Oct. 5, 2010) (concluding that, although "the Court retained jurisdiction to enforce the terms of the settlement agreement[,] [s]uch retention . . . is not limitless and does not require or invite the Court to decide all the issues presented").

In light of these principles, the Court concludes that Plaintiffs' motion for appointment of a receiver must be denied. To be sure, the parties' settlement agreement was "made part of the order of dismissal . . . by incorporating the terms of the settlement agreement in the order."

3

*Kokkonen*, 511 U.S. at 381; *see* Judgment ¶¶ 1, 3.  Further, the Court specifically retained jurisdiction over "all further matters arising out of or connected with the [s]ettlement." Judgment ¶ 6.  At the same time, the Court's ancillary jurisdiction is limited.  It merely grants the Court authority "to enforce the agreement."  *Kokkonen*, 511 U.S. at 381; *see Dannhauser v. TSG Reporting, Inc.*, No. 16-CV-00747 (CM) (DF), 2019 WL 2950142, at *7 (S.D.N.Y. June 21, 2019) ("[A]ncillary jurisdiction confers the authority to force compliance with the terms agreed upon by the parties, whether that entails decreeing specific performance, entering a monetary judgment, or fashioning other appropriate relief." (internal citations and quotation marks omitted)); *accord Roberson v. Giuliani*, 346 F.3d 75, 83 (2d Cir. 2003).  It does not provide the Court with roving authority to take over the Company, to ensure that SIAF is a well-run business, or to help Plaintiffs maximize their profits from their investments in SIAF.

Plaintiffs' motion asks the Court to do the latter, not the former.  Relying in no small part on conduct that predated the settlement and release, Plaintiffs seek "an order appointing Mr. Randel Lewis as the temporary custodial receiver over [SIAF] [to] manage SIAF in place of Defendant Lee [and] preserve SIAF's assets, pending constitution of an independent board." ECF No. 116 ("Pls.' Mem."), at 1.  Plaintiffs ask the Court to allow Lewis to "tak[e] sole control over the Company's assets, subsidiaries, and bank accounts"; "take full control of the Company by removing . . . any director, officer, employee, independent contractor, or agent of the Company, including Defendant Lee Yip Kun, from control of, management of, or participation in, the affairs of the Company"; and "in his sole discretion[,] delegate specific tasks to his representatives, agents[,] and professionals, including Deloitte Hong Kong."  ECF No. 121, at 2-3.  But the settlement agreement did not grant Plaintiffs or their designees control over the Company.  *See* ECF No. 117-1 ("Settlement").  Instead, it contains eleven specific terms to

4

which the parties have agreed.  The parties have fulfilled some of these terms; for example, Plaintiffs' representative, Mr. Henry Sun, has been appointed to the SIAF Board and is the head of the Internal Control and Audit Committee.  *See id.* § 4; ECF No. 118, ¶ 3.  Other terms have not yet been fulfilled, but have no definitive date by which compliance must occur.  *See, e.g.,* Settlement § 3 ("Execution of a share dividend distribution . . . as soon as practicable.").  For other of the settlement terms, the ball appears to be in Plaintiffs' court; for example, Plaintiffs concede that they have not nominated a representative to the Tri-Way Board.  *See id.* § 4 ("SIAF will also support the appointment of another individual nominated by [Plaintiffs] to the Tri-way Board"); ECF No. 131, at 9.  And finally, many of the remaining terms appear to be no more than agreements to agree, which, assuming they are even enforceable, pose serious difficulties for a party seeking to establish noncompliance.  *See* Settlement § 9 ("The parties agree to explore the potential sale, transfer, or sunset of the A-shares of SIAF if it is in the best interest of the Company."); *id.* § 5 ("The parties agree to analyze the possibility of reducing the number of total issued and outstanding shares of SIAF, and also its buyback commitments.").  Tellingly, Plaintiffs' memorandum of law barely addresses the terms of the settlement agreement at all, focusing instead on establishing that SIAF is being mismanaged.

       To the extent that the Court has ancillary jurisdiction to entertain Plaintiffs' request, there is a mismatch between their contentions and the relief they seek.  Ancillary jurisdiction "remains a narrow exception to a federal court's limited subject matter jurisdiction," *Winter*, 39 F. Supp. 3d at 351, and, "while the Court may enforce a consent decree where there has been a breach of its terms, it has 'no ancillary jurisdiction to enforce the decree's overarching . . . purposes,'" *County of Marin v. Martha Co.*, No. 06-00200 (SBA), 2018 WL 5279583, at *6 (N.D. Cal. July 6, 2018) (quoting *Pigford*, 292 F.3d at 924) (internal quotation marks omitted).  Appointment of

5

a receiver, on the other hand, "is considered to be an extraordinary remedy, and should be employed cautiously and granted only when clearly necessary." *Rosen v. Siegel*, 106 F.3d 28, 34 (2d Cir. 2007) (cleaned up); *see also, e.g.*, *Altissima Ltd. v. One Niagara, LLC*, No. 08-CV-756 (JTC), 2009 WL 1322319, at *1 (W.D.N.Y. May 8, 2009) ("Recognizing that appointment of a temporary receiver is an extraordinary remedy which results in the taking and withholding of possession of property from a party without an adjudication on the merits, the courts have required the party seeking the remedy to make a clear showing that the appointment is necessary to prevent irreparable injury to the property interests at stake." (citation omitted)); *Chambers v. Blickle Ford Sales Inc.*, 313 F.2d 252, 260 (2d Cir. 1963) (holding that a receiver "should not be appointed under the usual rule that this is an extraordinary remedy to be resorted to only where some injury to property can be avoided in no other way"). Notably, Plaintiffs have not identified, nor has the Court found, any case in which a court used its ancillary enforcement jurisdiction to appoint a receiver for alleged breach of a settlement agreement. *See* ECF No. 130, at 10. Whether or not the Court would have appointed a temporary receiver in connection with the underlying Complaint, had the parties not reached a settlement, is beside the point; Plaintiffs have failed to establish, as they must, that the extraordinary remedy is necessary or appropriate to enforce the terms of the settlement agreement.

     At bottom, the problem is that Plaintiffs' motion is not really intended to enforce the terms of the settlement agreement at all. Instead, Plaintiffs contend that there are ongoing institutional failures at SIAF that the settlement agreement has failed to correct. But many of these institutional failures predated the parties' settlement. And, in any event, Plaintiffs are bound by the settlement to which they agreed. *See, e.g.*, *Wolf v. Wolf*, 59 F. App'x 403, 405 (2d Cir. 2003) (summary order) ("A district court may enforce a settlement agreement when it

6

properly retains jurisdiction to do so, . . . but the retention of jurisdiction does not permit the district court to modify the agreement's terms, absent special circumstances."). Put simply, "[r]ather than seeking to enforce the terms of the . . . Settlement Agreement, [Plaintiffs are] . . . endeavoring to impose new terms that were not agreed to by the parties." *Castellaw v. Excelsior Coll.*, 414 F. Supp. 3d 371, 376 (E.D.N.Y. 2019). The Court will not permit them to do so.

For the reasons stated above, Plaintiffs' motion for appointment of a receiver is DENIED. The Clerk of Court is directed to terminate ECF No. 115.

SO ORDERED.

Dated: April 15, 2022
New York, New York

_____
JESSE M. FURMAN
United States District Judge